**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | : | Bankruptcy Case No. 24- 13093 |
| Alan Christopher Redmond | : | Chapter 11 |
| | : | |
| Debtor | : | |

_____

| | | |
|---|---|---|
| United States Small Business Administration, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. No: |
| | : | |
| Alan Christopher Redmond | : | |
| | : | |
| Defendant. | : | |

**ADVERSARY COMPLAINT SEEKING DETERMINATION OF
NONDISCHARGEABILITY OF DEBT**

Plaintiff United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), pursuant to 11 U.S.C. §§ 523(a)(2) and (7), and Federal Rules of Bankruptcy Procedure 4007 and 7001(6), brings this Complaint seeking a determination that the debt owed to it by Defendant Alan Christopher Redmond is non-dischargeable, and in support thereof, hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought under 11 U.S.C. §§ 523(a)(2)(A) and (B) and 727(a)(4)(A), and (c)(1), and Fed. R. Bankr. P. 7001(4) and (6) and brings this Complaint seeking an Order determining and declaring that the loan debt owed to SBA is nondischargeable.

2. This Court has subject matter jurisdiction over this adversary proceeding and personal jurisdiction over the parties pursuant to 28 U.S.C. §§ 157 and 1334(b).

1

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. Plaintiff is the United States of America, on behalf of the SBA. The SBA is an executive branch agency of the United States that provides support to small businesses.

6. Defendant Alan Christopher Redmond ("Defendant") is the debtor in the above-captioned involuntary Chapter 11 bankruptcy case.

## FACTUAL BACKGROUND

### A. Defendant's Insurance Broker Business

7. In Defendant's Christopher Alan Redmond's Amended Statement of Financial Affairs filed as part of this bankruptcy proceeding, he claims ownership interest in 10 entities, including BeneMarket LLC. [1]

8. Defendant Alan Christopher Redmond is the signatory officer on a loan obtained by BeneMarket, LLC, obtained November 4, 2020 in the amount of $150,000. [2] *See* Exhibit A.

9. BeneMarket, LLC. applied for and on September 9, 2021, obtained a modification increasing the loan to $500,000. *See* Exhibit B.

10. On September 9, 2021, Defendant Redmond signed an unconditional personal guarantee on the modified $500,000 loan obtained by BeneMarket, LLC. *See*

---

[1] On March 19, 2024. the United States Department of Labor obtained partial summary judgment against defendant Alan Christopher Redmond finding Bene Markets, LLC violated the Fair Labor Standards Act. (EDPA No. 20-24265, ECF #113).

[2] On October 17, 2024, the United States unsealed an indictment of Alan Redmond (EDPA 24cr0376) under 26 U.S.C. § 7202 for failure to account for and pay over tax.

Exhibit C.

11. On February 9, 2022, BeneMarket, LLC obtained a second modification of the loan increasing the total amount to $1,950,000. *See* Exhibit D.

12. On February 9, 2022, Defendant Redmond signed an unconditional guarantee on the second modified loan obtained by BeneMarket, LLC in the amount of $1,950,000. *See* Exhibit E.

## Count I

### The SBA Loan Debt is Non-Dischargeable
### 11 U.S.C. § 523(a)(2)(B)

13. On or about November 7, 2020, BeneMarket. LLC applied online to the SBA for a COVID 19 Economic Injury Disaster Loan in the principal amount of $150,000, listing Defendant as guarantor.

14.	BeneMarket, LLC applied for and obtained a modification increasing the loan to $500,000 on September 9, 2021.

15.	On February 9, 2022, BeneMarket, LLC obtained a second modification of the loan increasing the total amount to $1,950,000.

16.	According to his testimony, Defendant indicated that BeneMarket, LLC "wound down" operations in or about 2018 – two years before applying for and guaranteeing the loan at issue in this Adversary Complaint. (ECF 140-3, Ex page 14, Lns 21-25, page 21, Lns 7-9).

17.	On September 9, 2021, Defendant guaranteed payment of the Loan Authorization and Agreement with the SBA. A true and accurate copy of the Loan Authorization and Agreement is attached hereto. *See* Exhibit C.

3

18. Defendant certified in the Loan Authorization and Agreement the following: "[u]nder penalty of perjury of the United States of America, I hereby certify that I am authorized to apply for and obtain a disaster loan on behalf of Borrower, in connection with the effects of the COVID-19 emergency."

19. Defendant further certified in the Loan Authorization and Agreement that the loan funds were solely to be used for working capital to address the adverse effects of COVID-19, and specifically that "Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by the disaster occurring in the month of January 31, 2020 and continuing thereafter…."

20. Defendant/guarantor obtained—though BeneMarket, LLC — a COVID EIDL loan in November 2020 and obtained increases in 2021 and 2022.

21. Defendant Redmond has alleged BeneMarket, LLC ceased operations in or around December 2019 and no later than January 2020. (ECF 140-3, Ex page 14, Lns 21-25, page 21, Lns 7-9).

22. According to Defendant's statements, BeneMarket, LLC does not appear to have been an operational business at time of the application for loan modifications in 2021 and 2022.

23. Defendant did not disclose during either loan modification that BeneMarket, LLC had ceased operations or that its financial circumstances had changed.

24. At the time he submitted the 2020 loan application, Defendant's company BeneMarket, LLC had not suffered an economic injury due to the COVID-19 that needed to be remedied or addressed with a $150,000 loan.

25. Based on the Loan Authorization and Agreement, Defendant obtained $150,000 in COVID-19 Economic Injury Disaster Loan proceeds in September 2020.

26. In entering into the Loan Authorization and Agreement and disbursing the $150,000 in loan proceeds to Defendant, the SBA reasonably relied on all statements made by Defendant in the loan application and Loan Authorization and Agreement, including the apparently materially false statements described above.

27. Pursuant to 11 U.S.C. § 523(a)(2)(B), and under the circumstances alleged above, Defendant's loan debt to the SBA is non-dischargeable.

## Count II

### Denial of Discharge
### 11 U.S.C. § 727(a)(4)(A)

28. The United States re-asserts the allegations set forth in paragraphs 1 through 27 as if fully set forth in this paragraph 28.

29. According to Defendant's testimony, his company BeneMarket, LLC had ceased operations before it made the initial loan application and disbursement. (ECF 140-3, Ex page 14, Lns 21-25, page 21, Lns 7-9).

30. Defendant's company BeneMarket, LLC applied to modify and increase the SBA loan failed to reflect its change in financial circumstances, instead representing that it was an ongoing business entity.

31. BeneMarket LLC was in the insurance industry.

32. BeneMarket LLC, according to Defendant, was having financial difficulties and began winding down operations in the fall of 2018.

33. Seguro Medico LLC, a similar business to BeneMarket, LLC, was formed as BeneMarket LLC was ceasing operations, and was allegedly owned by defendant's spouse.

34. Defendant/Guarantor signed a consulting contract with Seguro Medico LLC in January 2020. (ECF 140-3, Ex. page 14).

35. It is unknown what happened to assets of BeneMarket LLC after operations ceased or whether loan funds obtained from SBA were used for Seguro Medico, LLC. (ECF 140-3, Ex. page 93, Lns 11-18).

36. Pursuant to 11 U.S.C. § 727(a)(4)(A), Defendant is ineligible for a discharge in the above-captioned Chapter 11 case.

WHEREFORE, plaintiff United States Small Business Administration respectfully requests that the Court enter an Order determining and declaring that COVID-19 Economic Injury Disaster Loan debt owed it by Defendant Alan Christopher Redmond to SBA is non-dischargeable and denying Defendant a discharge in the above-captioned involuntary Chapter 11 case.

Respectfully submitted,

NELSON S.T. THAYER
Acting United States Attorney

Dated:  February 18, 2025

/s/Anthony St. Joseph
ANTHONY ST. JOSEPH
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8267
Fax: 215-861-8618
Anthony.Stjoseph@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing Entry of Appearance was filed electronically and is available for viewing and downloading from the ECF system.

Nicole Nigrelli, Esq.
Ciardi, Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103

*(Counsel for Defendant)*

Dated:  February 18, 2025

      /s/ Anthony St. Joseph
ANTHONY ST. JOSEPH