## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : BANKRUPTCY NO. 24-13093pmm |
| Debtor. | : |
| | : |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, | : |
| | : |
| | : |
| Plaintiff, | : ADV. PRO. NO. 25-00119 pmm |
| v. | : |
| | : |
| ALAN CHRISTOPHER REDMOND, | : |
| | : |
| Defendant. | : |
| | : |

## ALAN CHRISTOPHER REDMOND'S ANSWER TO THE COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS FILED BY THE UNITED STATES SMALL BUSINESS ADMINISTRATION

Alan Christopher Redmond, the debtor and debtor-in-possession (the "Debtor" or "Defendant"), by and through his undersigned counsel, hereby submits the following Answer to the complaint to determine dischargeability (the "Complaint") filed by the United States Small Business Administration (the "Plaintiff"), and respectfully avers as follows:

### JURISDICTION AND VENUE

1.      Admitted in part, denied in part.  It is admitted only that Bankruptcy Code sections cited are sections used to determine discharge and exceptions to discharge.  The remaining allegations are denied.

2.      Admitted.

3.      Admitted.

1

4.  Admitted.

## PARTIES

5.  Admitted.

6.  Admitted.

## FACTUAL BACKGROUND

7.  Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied.

8.  Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied. By way of further response, but not in derogation of the foregoing, the Debtor admits that Bene Market, LLC obtained a loan from the United States Small Business Administration (the "SBA").

9.  Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied. By way of further response, but not in derogation of the foregoing, the Debtor admits that Bene Market, LLC applied for and received an increase to the loan amount.

10.  Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied.

11.  Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied. By way of further response, but not in derogation of the foregoing, the Debtor admits that Bene Market, LLC applied for and received a second modification of the loan.

12.  Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied.

## COUNT I
### The SBA Loan Debt is Non-Dischargeable
### 11 U.S.C. §523(a)(2)(B)

13.     Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied. By way of further response, but not in derogation of the foregoing, the Debtor admits that Bene Market, LLC applied for and received a loan from the SBA.

14.     Admitted.

15.     Admitted.

16.     Admitted in part, denied in part.  It is admitted that part of the Debtor's testimony alleged that Bene Market, LLC "wound down" operations in 2018.  However, the exhibit relied upon is several different "portions" of transcripts and no transcript in full.  By way of further response, those transcripts have been reduced to written documents the truth of which speaks for itself, and therefore any characterization of a "portion" of the testimony is denied.  By way of further response, the Debtor also testified in one of those same transcripts that the $1.1 million dollars listed as income for 2021 would have come from one of the businesses he owned which included Bene Market, LLC and he would have to confirm that through his tax returns.  *See* 341 Transcript pg 53-55, ln 14-5.  Further, after reviewing filed tax returns for Bene Market, LLC for the year 2022, the Debtor was able to confirm that Bene Market, LLC was operating well into 2023 based upon the tax returns.

17.     Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied.

18.     Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied.

19.    Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied. By way of further response, but not in derogation of the foregoing, the loan proceeds obtained from the SBA were used for the ongoing operating expenses of Bene Market, LLC and for purposes allowed by the SBA.

20.    Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied. By way of further response, but not in derogation of the foregoing, Bene Market, LLC did apply for and receive an COVID EIDL loan.

21.    Admitted in part, denied in part.  It is admitted that part of the Debtor's testimony alleged that Bene Market, LLC "wound down" operations in 2018.  However, the exhibit relied upon is several different "portions" of transcripts and no transcript in full.  By way of further response, those transcripts have been reduced to written documents the truth of which speaks for itself, and therefore any characterization of a "portion" of the testimony is denied.  By way of further response, the Debtor also testified in one of those same transcripts that the $1.1 million dollars listed as income for 2021 would have come from one of the businesses he owned which included Bene Market, LLC and he would have to confirm that through his tax returns. *See* 341 Transcript pg 53-55, ln 14-5.  Further, after reviewing filed tax returns for Bene Market, LLC for the year 2022, the Debtor was able to confirm that Bene Market, LLC was operating well into 2023 based upon the tax returns.

22.    Admitted in part, denied in part.  It is admitted only that part of the Debtor's testimony alleged that Bene Market, LLC "wound down" operations in 2018.  However, the exhibit relied upon is several different "portions" of transcripts and no transcript in full.  By way of further

4

response, those transcripts have been reduced to written documents the truth of which speaks for itself, and therefore any characterization of a "portion" of the testimony is denied.  By way of further response, the Debtor also testified in one of those same transcripts that the $1.1 million dollars listed as income for 2021 would have come from one of the businesses he owned which included Bene Market, LLC and he would have to confirm that through his tax returns.  *See* 341 Transcript pg 53-55, ln 14-5.  Further, after reviewing filed tax returns for Bene Market, LLC for the year 2022, the Debtor was able to confirm that Bene Market, LLC was operating well into 2023 based upon the tax returns.

23.     Denied.  See response to paragraph 22.

24.     Denied.  Strict proof thereof is demanded at trial.

25.     Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied.

26.     Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied. By way of further response, but not in derogation of the foregoing, the allegations contained in paragraph 26 are conclusions of law to which no response is necessary.

27.     Denied.  The allegations contained in paragraph 27 are conclusions of law to which no response is necessary and, therefore, said allegations are denied.

## COUNT II
**Denial of Discharge**
**11 U.S.C. §727(a)(4)(A)**

28.     The Debtor incorporates his responses to paragraphs 1 through 27 as if fully set forth herein at length.

29.    Admitted in part, denied in part.  It is admitted only that part of the Debtor's testimony alleged that Bene Market, LLC "wound down" operations in 2018.  However, the exhibit relied upon is several different "portions" of transcripts and no transcript in full.  By way of further response, those transcripts have been reduced to written documents the truth of which speaks for itself, and therefore any characterization of a "portion" of the testimony is denied.  By way of further response, the Debtor also testified in one of those same transcripts that the $1.1 million dollars listed as income for 2021 would have come from one of the businesses he owned which included Bene Market, LLC and he would have to confirm that through his tax returns.  *See* 341 Transcript pg 53-55, ln 14-5.  Further, after reviewing filed tax returns for Bene Market, LLC for the year 2022, the Debtor was able to confirm that Bene Market, LLC was operating well into 2023 based upon the tax returns.  By way of further response, but not in derogation of the foregoing, it is specifically denied that Bene Market, LLC ceased operations prior to making or receiving the loan proceeds.

30.    Denied.  Strict proof thereof is demanded at trial.

31.    Admitted.

32.    Admitted in part, denied in part.  It is admitted only that part of the Debtor's testimony alleged that Bene Market, LLC "wound down" operations in 2018.  However, the exhibit relied upon is several different "portions" of transcripts and no transcript in full.  By way of further response, those transcripts have been reduced to written documents the truth of which speaks for itself, and therefore any characterization of a "portion" of the testimony is denied.  By way of further response, the Debtor also testified in one of those same transcripts that the $1.1 million dollars listed as income for 2021 would have come from one of the businesses he owned which included Bene Market, LLC and he would have to confirm that through his tax returns.  *See* 341

Transcript pg 53-55, ln 14-5. Further, after reviewing filed tax returns for Bene Market, LLC for the year 2022, the Debtor was able to confirm that Bene Market, LLC was operating well into 2023 based upon the tax returns

33.    Denied. The allegations of paragraph 33 of the Complaint are legal conclusions to which no response is required and, therefore, said allegations are denied.  By way of further response, but not in derogation of the foregoing, as shown through filed tax returns, Bene Market LLC was still operating when Seguro Medico, LLC was formed.

34.    Denied. The averments contained in this paragraph reference a written document, the truth of which speaks for itself, and therefore any characterization of such document is denied.

35.    Denied.  Strict proof thereof is demanded at trial.

36.    Denied. The allegations of paragraph 36 of the Complaint are legal conclusions to which no response is required and, therefore, said allegations are denied.

WHEREFORE, the Debtor respectfully requests this Court enter judgment in his favor and against the Plaintiff for each count of the Complaint and grant his discharge in this bankruptcy case pursuant to 11 U.S.C § 1141(d)(1).

**CIARDI CIARDI & ASTIN**

Dated: March 26, 2025                    By:    */s/Albert A. Ciardi, III*
                                                Albert A. Ciardi, Esquire
                                                Nicole M. Nigrelli, Esquire
                                                1905 Spruce Street
                                                Philadelphia, PA 19103
                                                T(215) 557-3550
                                                aciardi@ciardilaw.com
                                                nnigrelli@ciardilaw.com
                                                Attorneys for the Debtor

7