IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>**ALAN CHRISTOPHER REDMOND,**<br>Debtor. | : | Bankruptcy No. 24-13093 (PMM) |
| | : | Chapter 7 |
| **UNITED STATES SMALL BUSINESS ADMINISTRATION,**<br>Plaintiff, | :<br>:<br>: | Adversary No. 25-00119 (PMM) |
| | : | Hon. Patricia M. Mayer |
| v. | : | |
| **ALAN CHRISTOPHER REDMOND,**<br>Defendant. | : | |
| | : | |
| | : | |

## MOTION OF ALAN CHRISTOPHER REDMOND, DEFENDANT, FOR BRIEF

## EXTENSION OF DISCOVERY DEADLINE

Defendant Alan Christopher Redmond, proceeding pro se, respectfully moves this Honorable Court for a brief extension of the discovery deadline in the above-captioned adversary proceeding, and in support thereof states as follows:

1.  The current discovery deadline in this adversary proceeding falls on May 26, 2026, as stipulated by the parties at the May 12, 2026 status conference before this Honorable Court.

2.  Defendant is proceeding pro se in this adversary proceeding. Defendant is also a defendant in a parallel federal criminal proceeding pending in the United States District Court for the Eastern District of Pennsylvania before the Honorable Jeffrey L. Schmehl, Case No. 5:24-cr-00376.

3.  On or about March 23, 2026, Judge Schmehl entered an Order granting the motion of Defendant's prior criminal counsel, William R. A. Rush, Esquire (PA Bar No. 209596), to

withdraw from representation. As a result, Defendant is currently without criminal counsel of record and is in the active process of retaining substitute counsel.

4. The factual subject matter of this adversary proceeding, which Plaintiff frames under 11 U.S.C. § 523(a)(2) as alleged misrepresentations in connection with Small Business Administration loan applications, overlaps substantially with the factual subject matter of the parallel federal criminal proceeding. Discovery responses in this matter accordingly implicate Defendant's Fifth Amendment privilege against self-incrimination.

5. Defendant respectfully submits that responding to discovery in this matter without the benefit of criminal counsel review for Fifth Amendment privilege considerations would expose Defendant to a substantial risk of inadvertent waiver of constitutional rights in the parallel criminal proceeding. See *United States v. Hubbell*, 530 U.S. 27, 37 (2000); *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) (recognizing the tension facing parties simultaneously subject to civil discovery and parallel criminal proceedings).

6. Defendant's discovery responses are substantially prepared. Defendant requires only a brief additional period to retain substitute criminal counsel, permit such counsel to review the responsive materials for Fifth Amendment considerations, and finalize the responses for production to Plaintiff.

7. Defendant respectfully requests that the discovery deadline in this adversary proceeding be extended to Monday, June 8, 2026, at 12:00 noon. This is a thirteen-day extension that will cause no prejudice to Plaintiff and will not affect the status conference currently scheduled before this Court for June 23, 2026, or any other deadline in the matter.

8. Defendant contacted Plaintiff's counsel, Anthony St. Joseph, Esquire, Assistant United States Attorney, by electronic mail on May 26, 2026, to request consent to this extension. As of the time of this filing, no response has been received. Defendant files this Motion to

preserve the record and ensure timely compliance pending Plaintiff's position.

9. This request is made in good faith, not for purposes of delay, and is consistent with the Court's discretion under Fed. R. Bankr. P. 7016, Fed. R. Civ. P. 16(b)(4), and the Court's inherent authority to manage its docket so as to protect the constitutional rights of pro se litigants. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013).

10. **Article III Consent.** Defendant consents to the entry of final orders or judgments by the Bankruptcy Court in this matter.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter the proposed Order attached hereto, extending the discovery deadline in Adversary Proceeding No. 25-00119 to Monday, June 8, 2026, at 12:00 noon, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Alan Christopher Redmond*

**Alan Christopher Redmond**
Defendant, Pro Se
alanredmond23@gmail.com

Dated: May 26, 2026

*Defendant reserves all rights under the Fifth Amendment to the United States Constitution in connection with parallel federal criminal proceedings, U.S. v. Redmond, No. 5:24-cr-00376 (E.D. Pa.).*