**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>ALAN CHRISTOPHER REDMOND,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 24-13093 (PMM) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION,<br>Plaintiff,<br>v.<br>ALAN CHRISTOPHER REDMOND,<br>Defendant. | Adv. No. 25-00119 (PMM)<br><br>Hon. Patricia M. Mayer |

**DECLARATION OF ALAN CHRISTOPHER REDMOND PURSUANT TO FED. R. CIV. P. 56(d)**

I, Alan Christopher Redmond, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Defendant in this adversary proceeding, in which I appear *pro se*. I make this declaration in support of my request under Fed. R. Civ. P. 56(d) that the Court deny or defer Plaintiff's Motion for Summary Judgment (ECF No. 54).

2. I am a defendant in *United States v. Redmond*, No. 5:24-cr-00376 (E.D. Pa.). By Order entered August 6, 2026 (Crim. ECF No. 168), jury selection is scheduled for January 11, 2027 and trial for January 12, 2027. The indictment concerns, among other things, the businesses and time period that are the subject of Plaintiff's Motion.

3. On August 3, 2026, Benjamin B. Cooper, Esquire entered his appearance as my counsel in the criminal case (Crim. ECF Nos. 162–164). Under the District Court's August 6, 2026 Order, counsel's review of the discovery and any resulting motions are to be completed by October 15, 2026.

4. My discovery responses in this adversary proceeding are substantially prepared, as I stated at ECF No. 46 ¶ 6. The facts essential to my opposition on the merits — including Bene Market LLC's monthly revenues from July 2019 through July 2020, the deposit and use of the SBA loan proceeds, and my state of mind at the time of the application — are facts as to which I cannot presently testify or produce documents without compromising my privilege under the Fifth Amendment in advance of my criminal trial, and without completion of the Fifth Amendment screening now being conducted with my criminal counsel.

5. Exhibit A hereto is a true and correct copy of correspondence dated February 28, 2025 from Anthony St. Joseph, AUSA, to my then-counsel, as forwarded to me the same day. Exhibit B hereto is a true and correct copy of the Order entered August 6, 2026 in No. 5:24-cr-00376 (Crim. ECF No. 168). Exhibits C, D and E hereto are true and correct copies of ECF Nos. 24, 9 and 32 in this proceeding.

6. Bene Market LLC received a Paycheck Protection Program loan from SBA in the amount of $925,200. On or about June 2, 2022, Bene Market was notified through its lender that SBA had granted final approval of forgiveness and that the loan had been fully forgiven.

7. On April 7, 2021, through counsel, Bene Market LLC and I served Defendants' Answers to Plaintiff's First Set of Interrogatories in *Scalia v. Bene Market, LLC*, No. 5:20-cv-04265 (E.D. Pa.). Answer No. 5 states that Bene Market, LLC "was formed on May 16, 2016. It has not ceased operations." A copy bearing Bates numbers RedmondTax000868 through RedmondTax000873 was produced to me by the United States in discovery in No. 5:24-cr-00376.

8. Exhibit F hereto is a true and correct copy of an email dated January 31, 2022 from Bene Market LLC's loan preparer to SBA's COVID EIDL increase-request unit (covidEIDLincreaserequests@sba.gov), on which I was copied, stating that the 2019 business tax return (all pages and schedules) was attached in support of the requested increase. SBA approved the increase on February 9, 2022.

9. For these specified reasons, I cannot present facts essential to justify my opposition at this time, and I respectfully request that the Court deny the Motion or defer its consideration until the conclusion of the criminal trial.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 3, 2026

Respectfully submitted,

/s/ Alan Christopher Redmond
Alan Christopher Redmond, Defendant, *pro se*
2005 Regency Drive, Wyomissing, PA 19610
alanredmond23@gmail.com

The Debtor/Defendant reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this filing constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).