# EXHIBIT A

Correspondence of Anthony St. Joseph, AUSA — February 28, 2025
(as forwarded to Defendant by Albert A. Ciardi III, Esq., Feb. 28, 2025, 22:10 UTC)

Date: Fri, 28 Feb 2025 22:10:50 +0000
From: "Albert A. Ciardi III" <Aciardi@ciardilaw.com>
To: "alanredmond23@gmail.com" <alanredmond23@gmail.com>
Cc: Nicole Nigrelli <nnigrelli@ciardilaw.com>
Subject: FW: Redmond/SBA
Source: Gmail mailbox alanredmond23@gmail.com, message UID 908719 (produced as retained)

Alan

See below. We really need that spreadsheet

From: StJoseph, Anthony (USAPAE) <Anthony.StJoseph@usdoj.gov>
Sent: Friday, February 28, 2025 3:30 PM
To: Nicole Nigrelli <nnigrelli@ciardilaw.com>
Cc: Albert A. Ciardi III <Aciardi@ciardilaw.com>
Subject: RE: Redmond/SBA

[This email is from a trusted sender and was sent from an authorized source and has a valid signature.]<https://shield.security/hud/a87f2a2c-26e0-4bb8-891b-c89ca51454b2/open>
Nicole and Al

Please accept this email as a follow-up to our conversations earlier this week.

Perhaps we can cut to the core of this matter by focusing on how BeneMarket actually used the money obtained from SBA. I am primarily focused on the loan amount from 2/9/22 for $1,950,000 and how those funds were spent. BeneMarket appears to have ceased operations very shortly after having obtained that loan increase (from $500,000 on 9/9/21).
I understand from the tax filings that BeneMarket was conducting business in that name when it obtained the initial $150,000 loan on 11/4/20, and it appears, both loan increases. However, it is unclear that the money obtained by BeneMarket was used by BeneMarket for appropriate purposes under the disaster relief program.

Perhaps your client is willing to produce bank records for BeneMarket from November 2020-April 2022? That covers the time the loan money was disbursed and spent. Looking at those records might help us resolve this matter.

I am available to discuss further next week.

Sincerely,

Anthony St. Joseph, AUSA
United States Attorney's Office, EDPA
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(p) 215-861-8267

# EXHIBIT B

Order, *United States v. Redmond*, No. 5:24-cr-00376 (E.D. Pa.), ECF No. 168 (Aug. 6, 2026)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 24-376**

**ALAN REDMOND
BENE MARKET LLC
SEGURO MEDICO LLC**

**ORDER**

AND NOW, this 6th day of August, 2026, upon the motion to continue Trial, of the defendants (ECF No. 167), to which the United States agrees, **IT IS HEREBY ORDERED** that the dates for Jury Selection and Trial (ECF No. 135, ¶ 7-8) in the above-captioned matter, previously scheduled for September 15, 2026, are hereby set for **Monday, January 11, 2027 at 9:30 AM** in the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, courtroom TDB; and Trial shall commence on **Tuesday, January 12, 2027, at 9:30 AM** in the courtroom of the undersigned, 201 Penn Street, 5th Floor, Reading, Pennsylvania.

IT IS FURTHER ORDERED that the delay resulting from this continuance (that is, from the date of filing of the motion of defendants Alan Redmond, Bene Market, and Seguro Medico until the date of trial) shall be excluded from Speedy Trial Act calculations because the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. '3161(h)(7)(A). The Court makes this finding based on the following considerations:

1. On May 8, 2025, a grand jury sitting in this district returned a twenty-seven-count superseding indictment ("the indictment") against six defendants: four individuals and two corporations. Defendant Alan Redmond was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; nineteen counts of wire fraud, in

violation of 18 U.S.C. § 1343; and seven counts of failure to pay over payroll taxes, in violation of 26 U.S.C. § 7202. The other three individuals, defendants Arthur Walsh, Jesus Barrera, and Albert Groff, and the two companies, Bene Market LLC and Seguro Medico LLC, were charged with conspiracy to commit wire fraud and nineteen counts of wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, respectively.

2. Trial was first listed on July 21, 2025. Upon the government's uncontested motion, ECF 83, the Court declared the case complex under the Speedy Trial Act and scheduled trial for April 13, 2026. ECF 84.[1] Upon the uncontested motion of counsel for defendants Alan Redmond, Bene Market, and Seguro Medico ("the Redmond defendants"), ECF 101, the Court rescheduled the trial for September 15, 2026. ECF 102.

3. On March 23, 2026, counsel for the Redmond defendants filed a motion to withdraw from the case, citing irreconcilable differences with defendant Redmond. ECF 109.

4. Between April 14, 2026, and July 30, 2026, the Court held five in-person status of counsel hearings with defendant Alan Redmond and government counsel. ECF 118, 121-22, 131-32, 135-36. On May 20, during the second status hearing, the Court administered the colloquy suggested in *United States v. Peppers,* 302 F.3d 120, 136-37 (3d Cir. 2002), to address defendant Redmond's request to represent himself.

---

[1] See findings in ECF 84. This Court finds that the case remains complex, given the nature of the prosecution, the volume of documents provided in discovery, and the many witnesses and documents the government expects to present at a trial that government counsel estimate will last 4 to 5 weeks.

5. On August 3, 2026, new counsel, Attorney Benjamin B. Cooper, Esquire, entered his appearance as counsel for the Redmond defendants. ECF 162, 163, 164.

6. On August 4, the Court held a telephone conference with counsel, at which Attorney Cooper made an oral motion for a continuance of the September 15, 2026 trial date, based on the need to review the voluminous discovery in order to be ready for any further pretrial proceedings, and provide effective assistance to the Redmond defendants at trial. The government did not oppose.

7. A Speedy Trial Act continuance is necessary to allow new counsel to review the discovery, make any necessary motions, and withdraw any pro se motions he deems necessary, no later than October 15, 2026, and to permit the parties adequate preparation for any possible further pretrial proceedings and the trial. Defense counsel has discussed this motion with defendant Redmond, who has signed the Speedy Trial waiver attached as Exhibit A.

8. Due to the nature of the prosecution and the matters stated above, the case is so unusual and complex that it is unreasonable to expect adequate preparation for possible further pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. '3161(h)(7)(B)(ii).

9. The failure to grant a continuance would likely result in a miscarriage of justice. 18 U.S.C. '3161(h)(7)(B)(i).

10. This continuance is not being granted because of general congestion of the Court's calendar or lack of diligent preparation or failure to obtain available witnesses on the part of the attorneys for the government.

11. The interests of justice require the continued designation of this case as complex, and that the September 15, 2026 trial date be continued.

12. Counsel for the Redmond defendants have conferred with counsel for the United States prior to filing this motion. Counsel for the United States are in agreement with the Speedy Trial continuance sought in this case.

BY THE COURT:

*/s/ Jeffrey L. Schmehl*

HONORABLE JEFFREY L. SCHMEHL
*Judge, United States District Court*

# EXHIBIT C

SBA's Report of Rule 26(f) Meeting and Proposed Discovery Plan, ECF No. 24 (Oct. 24, 2025)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>ALAN CHRISTOPHER REDMOND,<br><br>Debtor. | CHAPTER 11<br><br>BANKRUPTCY NO. 24-13093pmm |
| UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Plaintiff,<br>v.<br><br>ALAN CHRISTOPHER REDMOND,<br><br>Defendant. | ADV. PRO. NO. 25-00119 pmm |

**REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the United States of America, on behalf of its agency, the U.S. Small Business Administration (the "Plaintiff"), has communicated with Mr. Redmond on discovery in this matter via email on October 3, via telephone on October 8, via email about mediation on October 9, email on October 13, via email attempting to set a phone call on October 14, and a scheduled call on October 16 that did not happen. SBA submitted a proposed revised schedule to defendant on October 16. Consequently, SBA submits this Report pursuant to the Court's September 23, 2025 Order.

**I. Discussion of Claims, Relevant Issues and Likely Motions**

**A. Plaintiff's brief factual summation of the case and claims:**

Plaintiff United States of America, on behalf of its agency, the U.S. Small Business

Administration ("SBA"), pursuant to 11 U.S.C. §§ 523(a)(2) and (7), and Federal Rules of Bankruptcy Procedure 4007 and 7001(6), filed this Adversary Complaint seeking a determination that the debt owed to it by Defendant Alan Christopher Redmond is non-dischargeable. The factual basis for this action is the following:

Defendant/guarantor obtained—through BeneMarket, LLC — a COVID EIDL loan in November 2020 and obtained increases in 2021 and 2022. Defendant/Guarantor signed a consulting contract with Seguro Medico LLC, a business substantially similar to BeneMarket, LLC but owned by his spouse, in January 2020. It is unknown what happened to assets of BeneMarket LLC after operations ceased in 2022 or whether loan funds obtained from SBA were improperly used for Seguro Medico, LLC. SBA believes this matter remains resolvable through record production from the defendant.

**B. Plaintiff has Started Formal Discovery Process**

Discovery served on the Defendant is currently due November 3, 2025.

## II. Proposed Revised Discovery Schedule

Creditor/SBA proposes modification to the discovery schedule as follows:

1) Discovery shall be completed by December 19, 2025;

2) All expert witnesses shall be identified, and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2), on or before **January 6, 2025.**
   a. All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before **January 6, 2025.**
   b. Any objections to Rule 26(a)(3) disclosures shall be served on opposing counsel and filed with the bankruptcy court on or before **January 8, 2025.**
   c. All motions to amend the pleadings, or for summary judgment, shall be filed **on or before January 8, 2025.** If such a motion or motions is/are filed, the parties are **not relieved** of their obligation to comply with the terms of the balance of this Pretrial Order.

d. A Joint Pretrial Statement shall be filed in accordance with Local Bankruptcy Rule 7016-1 on or before **February 5, 2026**.

3) A mandatory final pretrial/settlement conference shall be held on **Wednesday, February 11, 2026 at 2:00 p.m. in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, Pennsylvania, 19601**.
4) If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conference, the adversary proceeding shall be set down for trial at the Court's first available date.
5) Each party may file, no later than five (5) days prior to the date of trial, a trial memorandum with service on the opposing part(y)(ies) and a courtesy copy delivered to Chambers. The trial may be continued only in exceptional circumstances on Motion and leave of Court.
6) All trial exhibits shall be pre-marked and exchanged at least three (3) business days prior to the date of trial.

Respectfully submitted,

DAVID METCALF
United States Attorney

<u>*/s/ Anthony St. Joseph*</u>
Anthony St. Joseph
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
*Counsel for SBA/Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing Entry of Appearance was filed electronically and is available for viewing and downloading from the ECF system.

Alan Christopher Redmond
2 High Road
Wyomissing, PA 19610
Alanredmond23@gmail.com

Dated: October 24, 2025

/s/ Anthony St. Joseph
ANTHONY ST. JOSEPH

# EXHIBIT D

Joint Report of Rule 26(f) Meeting, ECF No. 9 (Apr. 16, 2025)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:**<br><br>**ALAN CHRISTOPHER REDMOND,**<br><br>**Debtor.** | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 24-13093pmm** |
| **UNITED STATES SMALL BUSINESS ADMINISTRATION,**<br><br>**Plaintiff,**<br>**v.**<br><br>**ALAN CHRISTOPHER REDMOND,**<br><br>**Defendant.** | **ADV. PRO. NO. 25-00119 pmm** |

**JOINT REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7026, counsel for the parties, Alan Christopher Redmond (the "Debtor" or "Defendant"), by and through his counsel, Ciardi Ciardi & Astin, and the United States of America, on behalf of its agency, the U.S. Small Business Administration (the "Plaintiff"), have conferred on April 15, 2025, and submit this Joint Report.

This adversary matter will likely turn on the debtor/defendant's records. The Parties continue to confer about that information. Consequently, the Parties ask this Court to stay the current pretrial order entered by the Court on March 28, 2025 and suspend all deadlines including the deadline to conclude all discovery by May 20, 2025. The Parties propose to submit an oral status report on this adversary to the Court to coincide with the hearing on the Debtor's

disclosure statement, or if the hearing does not go forward, to submit a proposed scheduling order by June 26, 2025.

Respectfully submitted,

CIARDI, CIARDI & ASTIN

/s/ Nicole M. Nigrelli
Nicole M. Nigrelli, Esq.
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103
Counsel for Debtor/Defendant

DAVID METCALF
United States Attorney

/s/ Anthony St. Joseph
Anthony St. Joseph
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Counsel for SBA/Plaintiff

# EXHIBIT E

SBA's Motion to Stay, ECF No. 32 (Feb. 13, 2026)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:<br>Alan Christopher Redmond<br><br>Debtor | :<br>:<br>:<br>: | Bankruptcy Case No. 24-13093<br>Chapter 11 |
| United States Small Business Administration,<br><br>Plaintiff,<br><br>v.<br><br>Alan Christopher Redmond,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Adv. No: 25-00119 [pmm] |

**ORDER**

AND NOW, this ___ day of ________________, 2026, upon consideration of Defendant's Motion to Stay Proceedings, it is ORDERED that the motion is GRANTED.

The adversary proceeding is stayed.

BY THE COURT:

Dated:________________, 2026

______________________________
HONORABLE PATRICIA M. MAYER
*Judge, United States Bankruptcy Court*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:<br>Alan Christopher Redmond<br><br>Debtor | :<br>:<br>:<br>: | Bankruptcy Case No. 24-13093<br>Chapter 11 |
| United States Small Business Administration,<br><br>Plaintiff,<br><br>v.<br><br>Alan Christopher Redmond,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Adv. No: 25-00119 [pmm] |

**MOTION TO Stay**

Defendants respectfully move this Honorable Court to stay this adversary proceeding. The basis for this motion is set forth below:

Plaintiff, United States Small Business Administration (SBA) filed an adversary complaint on February 19, 2025, asking the Court to determine that the debt owed to Plaintiff is not dischargeable. The docket for Debtor's underlying bankruptcy is voluminous and reflects the complicated nature of the underlying, involuntary bankruptcy. Issues related to the underlying case have impacted the progress of this adversary proceeding, including the conversion of the primary case to a Chapter 7.

The primary bankruptcy is scheduled for a hearing that may result in its dismissal on February 17, 2026. All motions in this adversary are due February 13, 2026. If the primary bankruptcy is dismissed this adversary will become moot and SBA is likely to be dismissed. Consequently, the SBA requests this case be stayed pending determination of whether the Chapter 7 case will proceed.

Respectfully submitted,

DAVID METCALF
United States Attorney

Dated: February 13, 2026

/s/ *Anthony St. Joseph*
ANTHONY ST. JOSEPH
Assistant United States Attorneys
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia PA, 19106

*Counsel for United States Small Business Administration*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing Motion for Amended Scheduling Order was filed electronically and is available for viewing and downloading from the ECF system.

Alan Christopher Redmond
2 High Road
Wyomissing, PA 19610
Alanredmond23@gmail.com

*/s/ Anthony St. Joseph*
ANTHONY ST. JOSEPH
Assistant United States Attorney

# EXHIBIT F

Email to SBA COVID EIDL Increase Requests, Jan. 31, 2022 (Bene Market application 3311042037), transmitting 2019 business tax return

Date: Mon, 31 Jan 2022 11:47:20 -0500
From: Brittany Nill <brittany@impetusmanagement.com>
To: CovidEIDLIncreaseRequests <covidEIDLincreaserequests@sba.gov>
Cc: Alan Redmond <alanredmond23@gmail.com>
Subject: 3311042037, Additional Document Requested - 2019 Business tax return
Source: Gmail mailbox alanredmond23@gmail.com, message UID 632746 (produced as retained)

My name is Brittany Nill, I am the preparer on this file. I spoke to an SBA rep. today 1/31/2022. I was told the re-pull credit authorization has been received on 1/28/2022. The owner's credit is well above the 625 minimum for an increase.

Additionally, I have attached a copy of the 2019 business tax return. (all pages and schedules)

Please advise as to any additional documents needed to proceed with the 2 million dollar increase. We have been requesting an increase since Sept/Nov 2021. Please expedite this file for review, thank you.